WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane M. Calkins, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>Shapiro & Anderson, L.L.P. et al.,<br><br>    Defendants. | No. 05-0815-PHX-ROS<br><br>**OPINION AND ORDER** |

Plaintiffs Diane M. Calkins and William S. Meyer ("Plaintiffs") seek to recover for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. Plaintiffs allege that Defendant Shapiro & Anderson, L.L.P. violated the FDCPA when attempting to collect a debt. Pending before the Court are Motions for Summary Judgment filed by both parties as well as three Motions to Strike filed by Shapiro & Anderson. For the reasons stated below, Shapiro & Anderson's Motion for Summary Judgment is granted but the Motions to Strike are denied.[1]

### BACKGROUND

On March 17, 2005, Plaintiffs filed a complaint against Shapiro & Anderson,

---

[1] The Court did not set this matter for oral argument because the parties submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument would not have aided the Court's decision. See Mahon v. Credit Bur. of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999), modified, No. 97-17298, 1999 U.S. App. LEXIS 8016; Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998).

1  Deutsche Bank National Trust Company, and Fidelity National Asset Management Solutions,
2  Inc. ("Defendants"). (Doc. # 1) The complaint was based on the following circumstances.[2]
3  Deutsche Bank National Trust Company was the holder in due course of a promissory
4  note made, executed, and delivered by Plaintiff William S. Meyer. The note was secured by
5  a Deed of Trust recorded as a first position lien against a piece of property in Apache
6  Junction, Arizona. Meyer failed to make the necessary monthly payments and Deutsche
7  began non-judicial foreclosure proceedings. At some point prior to the foreclosure sale,
8  Meyer conveyed title to the property via a quitclaim deed to Diane M. Calkins. The property
9  was eventually sold at a trustee's sale. Deutsche was the successful bidder at the sale.
10 Deutsche then learned that the property was still occupied by Diane M. Calkins and/or
11 William S. Meyer. Deutsche retained Shapiro & Anderson to initiate eviction proceedings.
12 Shapiro & Anderson filed a state court eviction complaint. A Pinal County Superior Court
13 judge found Plaintiffs guilty of forcible detainer. Plaintiffs refused to vacate the property and
14 remain in possession of the property.
15 Plaintiffs allege that Defendants' conduct during these events violated the FDCPA.
16 Plaintiffs believe that Defendants "engaged in collection activity against [Plaintiffs] and
17 continue to engage in collection activity without prior advising (sic) [Plaintiffs] of their due
18 process rights." The complaint also alleges that Defendants "trespassed on [Plaintiffs']
19 Constitutional Right of Due Process." Plaintiffs seek "statutory damages not exceeding
20 $1,000" and "unlimited damages" for the "stress and anguish" caused by Defendants. The
21 complaint was only served on Shapiro & Anderson. (Doc. # 2)
22 Shapiro & Anderson filed an answer denying all allegations of wrongdoing. (Doc.
23 # 5) Plaintiffs filed a "Reply" to this answer, stating that "Not One Statement in the Answer
24 . . . Is Not the Opinion of an Attorney that is Not Admissible as Evidence in Court." It
25 appears that Plaintiffs believed they were entitled to judgment at that stage due to Shapiro

---

[2] Plaintiffs did not present any clear statement of the underlying facts. Thus, the majority of the factual background is taken from pleadings and motions filed by Shapiro & Anderson.

& Anderson's failure to attach evidence to its answer. (Doc. # 7) Plaintiffs then filed a request for an "Immediate/Emergency Temporary Restraining Order." (Doc. # 8) In the order denying that request, the Court observed that the request for a restraining order was actually a request for "default judgment against two defendants and summary judgment against all defendants." (Doc. # 9) The request was denied as improper and Plaintiffs were referred to the Federal Rules for guidance on seeking default or summary judgment. The next day Plaintiffs filed another request for a temporary restraining order. (Doc. # 11) In the order denying that request, the Court observed that Plaintiffs were seeking "to stay enforcement of a decision of a bankruptcy judge that appears to relate to foreclosure on their home." (Doc. # 12) Plaintiffs were directed to appeal the bankruptcy judge's opinion through the proper channels.

Shapiro & Anderson filed its Motion for Summary Judgment on May 11, 2005. That motion argued that Shapiro & Anderson had not attempted to collect a debt from Plaintiffs and therefore the FDCPA did not apply to any of its actions. (Doc. # 13) Plaintiffs filed a response to Shapiro & Anderson's Motion for Summary Judgment. (Doc. # 22) The response reiterated Plaintiffs' belief that Shapiro & Anderson was seeking to collect a debt and the collection activities violated the FDCPA. Various documents were attached to the response but no separate statement of facts was included. Shapiro & Anderson filed a reply and also asked the Court to strike Plaintiffs' response. The Motion to Strike argued that "Plaintiffs Response is not supported by affidavit or separate statement of facts, but by unidentified hearsay documents and Plaintiffs' otherwise unsupported assertions." (Doc. # 27) Plaintiffs then filed an "Opposition" to the reply pointing out alleged flaws in the reply. Shapiro & Anderson subsequently filed a Motion to Strike the "Opposition" because it was a "reply to a reply which is not allowed." (Doc. # 29)

While the filings connected to Shapiro & Anderson's Motion for Summary Judgment were being filed, Defendant Fidelity National Asset Management Solution Inc. filed a Motion to Dismiss. (Doc. # 16) That motion argued that Plaintiffs had failed to properly

serve Fidelity. Plaintiffs had delivered the summons and complaint to Fidelity via certified mail rather than personal service. The Court granted the motion and dismissed without prejudice Plaintiffs' claims against Fidelity.[3] (Doc. # 20)

On June 2, 2005, Plaintiffs filed their own Motion for Summary Judgment, arguing once again that Defendants had sought to collect a debt in violation of the FDCA. (Doc. # 25) At the same time Plaintiffs filed their Motion for Summary Judgment, they also filed a "Statement of Uncontroverted Facts and Conclusions of Law." The facts submitted by Plaintiff's were aimed at proving Defendants qualify as "debt collectors" under the FDCPA. The facts also contained arguments regarding the validity of actions taken in connection with the foreclosure on Plaintiffs' property. Shapiro & Anderson filed a response to this motion and sought to strike the Motion for Summary Judgment and the "Statement of Uncontroverted Facts and Conclusions of Law." The Motion to Strike argued Plaintiffs "failed to provide or cite to any admissible evidence in support of their Motion for Summary Judgment or [Statement of Facts.]" Plaintiffs filed separate replies regarding the Motion for Summary Judgment and the Motion to Strike. (Doc. # 32, 33)

## ANALYSIS

In its Motion for Summary Judgment, Shapiro & Anderson argues it is entitled to judgment in its favor under two theories. First, Shapiro & Anderson argue that the Court lacks subject matter jurisdiction. Second, Shapiro & Anderson believe that there is no genuine issue of material fact regarding the inapplicability of the FDCPA. The Court rejects the argument as to jurisdiction but agrees that Shapiro & Anderson is entitled to summary judgment because the FDCPA does not apply to its actions. The Court first addresses the various Motions to Strike.

**I. Motions to Strike**

---

[3]Deutsche Bank was served in the same defective manner as Fidelity. But Deutsche Bank has never appeared in this matter and Plaintiffs' claims against Deutsche are still pending.

Shapiro & Anderson seeks to strike three filings by Plaintiffs. First, Shapiro & Anderson request that the response to its Motion for Summary Judgment be stricken. Second, Shapiro & Anderson request that Plaintiffs' response to Shapiro & Anderson's Reply in Support of its Motion for Summary Judgment be stricken. Third, Shapiro & Anderson request Plaintiffs' Motion for Summary Judgment be stricken. These requests are all based on Plaintiffs' failure to comply with the Federal Rules of Civil Procedure or the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"). The Court considers two possible bases for Shapiro & Anderson's Motions to Strike: Federal Rule of Civil Procedure 12(f) or the inherent power of the Court to control litigation.

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). A motion or a response to a motion, however, is not a "pleading" as contemplated by the Federal Rules. See Fed. R. Civ. P. 7 (listing types of pleadings allowed). Thus, "only pleadings are subject to motions to strike" filed pursuant to Rule 12(f). Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); see also Mahon v. City of Largo, Fla., 829 F. Supp. 377, 385 (M.D. Fla. 1993) ("A response to a motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f).") Accordingly, if Shapiro & Anderson is seeking to strike Plaintiffs' motions under Rule 12(f), that request is inappropriate.

The other possible basis for striking Plaintiffs' motions is that "[a] district court possesses inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] *to promulgate and enforce rules for the management of litigation . . . .*" Spurlock v. F.B.I., 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted) (emphasis added). It has long been the practice of courts to strike attachments to motions, such as affidavits, that do not comply with the Rules of Procedure or the Rules of Evidence. Pfingston v. Ronan Engineering Co., 284 F.3d 999, 1003 (9th Cir. 2002) (recognizing practice of striking affidavits); Allen v. International Telephone and

1  Telegraph Corp., 164 F.R.D. 489, 491 (D. Ariz. 1995) (striking defective affidavits). But
2  Shapiro & Anderson does not seek to strike merely attachments to various motions, but the
3  motions themselves as well. Shapiro & Anderson believes the Motions should be stricken
4  due to noncompliance with numerous Rules of Procedure. But Plaintiffs, as pro se litigants,
5  are entitled to some lenience regarding the Rules. Draper v. Coombs, 792 F.2d 915, 924 (9th
6  Cir. 1986) ("We recognize that the plaintiff represented himself and therefore, in evaluating
7  his compliance with the technical rules of civil procedure, we treat him with great
8  leniency."). Because there is a strong preference for the resolution of cases on their merits
9  the Court will overlook the defects in Plaintiff's filings and consider them for purposes of this
10 Order. See Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) (recognizing
11 public policy favors resolving cases on their merits); Farrakhan v. Washington, 338 F.3d
12 1009, 1014 (9th Cir. 2003) (recognizing discretion retained by district court when party
13 violates local rule similar to local rule in this case).

**II. Jurisdiction**

15    Shapiro & Anderson's first argument is that this Court lacks jurisdiction to consider
16 Plaintiffs' claims. The jurisdictional basis for Plaintiff's complaint is the FDCPA. According
17 to that statute, "[a]n action to enforce any liability created by [the FDCPA] may be brought
18 in any appropriate United States district court without regard to the amount in controversy."
19 15 U.S.C. § 1692k. Plaintiffs believe that Shapiro & Anderson is a "debt collector"
20 attempting to collect a "debt," as those terms are defined by the FDCPA, and therefore
21 federal jurisdiction exists. Shapiro & Anderson counters that the statutory definitions are not
22 applicable in this case and therefore federal jurisdiction does not exist. Shapiro &
23 Anderson's argument represents a common misunderstanding of federal jurisdiction.

24    In this case, "[a]s frequently happens where jurisdiction depends on subject matter,
25 the question whether jurisdiction exists has been confused with the question whether the
26 complaint states a cause of action." Montana-Dakota Utilities Co. v. Northwestern Public
27 Service Co., 341 U.S. 246, 249 (1951). When a complaint "is so drawn as to seek recovery

directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." Bell v. Hood, 327 U.S. 678, 681-82 (1946). The two exceptions are "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell, 327 U.S. at 682-83. Thus, the ultimate viability of a claim does not impact the jurisdictional analysis unless one of the exceptions applies. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("[I]f the plaintiff really makes a substantial claim under an act of Congress, there is jurisdiction whether the claim ultimately be held good or bad."); Marks Food Corp. v. Barbara Ann Baking Co., 274 F.2d 934, 936 (9th Cir. 1960) ("Jurisdiction depends upon facts pleaded, not facts proved."). Here, Shapiro & Anderson did not clearly argue that Plaintiffs' claims were "immaterial" or "wholly insubstantial and frivolous." Bell, 327 U.S. at 682-83. Rather, Shapiro & Anderson argue that Plaintiffs' claims fail based on the undisputed facts. Thus, federal jurisdiction exists regardless of the ultimate viability of Plaintiffs' claims. The case, therefore, must be resolved on its merits.

### III. Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In addition, the dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing

that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party; "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255. Therefore, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. Id.

The Local Rules provide specific guidance regarding the facts a party must submit when either seeking or opposing summary judgment. Local Rule 56.1 provides that a party opposing summary judgment must "set forth separately from the memorandum of law, and in full, the specific facts on which [the] party relies in support" of its motion. The facts must be "set forth in serial fashion and not in narrative form." Id. Also, "[a]s to each fact, the statement shall refer to a specific portion of the record where the fact may be found." Id.

In its Motion for Summary Judgment, Shapiro & Anderson present two definitional arguments. First, Shapiro & Anderson argue that the undisputed facts show there was no "debt" (as defined by the FDCPA) at issue when it had contact with Plaintiffs. Second, Shapiro & Anderson argue that the undisputed facts show it does not qualify as a "debt collector" under the FDCPA. Evaluating the evidence in the light most favorable to Plaintiffs, the Court concludes (1) there was no "debt" at issue when Shapiro & Anderson had contact with Plaintiffs; (2) Shapiro & Anderson do not qualify as "debt collectors;" and (3) Shapiro & Anderson had no contact with Plaintiffs "in connection with" any debt.

The FDCPA defines "debt" as

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

1  15 U.S.C. § 1692a. The statute also provides, in relevant part, that the term "debt collector"

2  
3  
4  
> means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5  Id. In this case, Plaintiffs argue that Shapiro & Anderson are attempting to collect the "debt"

6  of a promissory note executed and delivered by William S. Meyer on May 4, 2001. The

7  Court agrees with Plaintiffs' basic premise that "[a] loan to purchase one's residence is clearly

8  a debt within the meaning of the FDCPA." Bush v. Loanstar Mortgagee Services, L.L.C.,

9  286 F. Supp. 2d 1210, 1213 (N.D. Cal. 2003). But Shapiro & Anderson did not have any

10 contact with Plaintiffs until after the foreclosure sale of the property connected to the

11 promissory note. Thus, at the time Shapiro & Anderson contacted Plaintiffs there was no

12 longer any "debt" to collect from Plaintiffs. There being no "debt" to collect, the FDCPA

13 does not apply.

14 A similar result is reached regarding Plaintiffs' claims that Shapiro & Anderson is a

15 "debt collector." Shapiro & Anderson was retained by the purchaser of the property at the

16 trustee's sale, Deutsche Bank. Deutsche Bank retained Shapiro & Anderson in an attempt

17 to remove Plaintiffs from the property. Shapiro & Anderson first contacted Plaintiffs on May

18 25, 2004. That contact was not an attempt to collect a debt but was a request for Plaintiffs

19 to vacate the property.[4] Shapiro & Anderson later filed a forcible entry and detainer

20 complaint in Superior Court. Plaintiffs failed to present any evidence that Shapiro &

---

[4]Plaintiffs' confusion may result from a letter sent by Shapiro & Anderson. That letter stated, "Please note that pursuant to federal law you are notified that this communication is from a debt collector, is an attempt to collect a debt, and any information obtained may be used for that purpose." Shapiro & Anderson does not explain why the letter includes this language. Viewing the entire record, however, leads to the conclusion that the language was inadvertently included and was not an accurate statement of Shapiro & Anderson's relationship to Plaintiffs in this case.

Anderson have ever sought to collect a debt from Plaintiffs.[5] Thus, there is no evidence that Shapiro & Anderson would qualify as a "debt collector" under the FDCPA.

Finally, even if the Court were to agree with Plaintiffs that a "debt" exists and that Shapiro & Anderson is a "debt collector," the FDCPA would still not apply to the undisputed facts. The FDCPA prohibits certain actions "in connection with the collection of a debt." E.g., 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."). Plaintiffs failed to present *any* evidence that Shapiro & Anderson have ever attempted to collect a debt from Plaintiffs. The undisputed facts show that Shapiro & Anderson's *only* involvement with Plaintiffs came after the foreclosure sale and was connected with removing Plaintiffs from the property.[6]

Accordingly,

IT IS ORDERED that Shapiro & Anderson's Motion for Summary Judgment (Doc. # 13) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 25) is **DENIED**.

IT IS FURTHER ORDERED that Shapiro & Anderson's Motion to Strike (Doc. # 27) is **DENIED**.

---

[5] Plaintiffs frequently cite the Supreme Court case Heintz v. Jenkins, 514 U.S. 291 (1995), as proof that Shapiro & Anderson are debt collectors. Plaintiffs are correct that in Heintz the Supreme Court held that attorneys *may* qualify as debt collectors under the FDCPA. Id. at 298. But Plaintiffs failed to present evidence that Shapiro & Anderson qualify as "debt collectors" *in this case.* Thus, Shapiro & Anderson is not a debt collector for purposes of this suit.

[6] Plaintiffs provide extensive argument regarding the validity of the foreclosure sale. Plaintiffs believe that the foreclosure was illegal and therefore it was illegal for Shapiro & Anderson to seek their removal from the property. These allegations are irrelevant to their current cause of action because the validity of the trustee's sale and state court decisions are not at issue.

1  IT IS FURTHER ORDERED that Shapiro & Anderson's Motion to Strike (Doc. #29) is **DENIED**.

IT IS FURTHER ORDERED that Shapiro & Anderson's Motion to Strike (Doc. #31) is **DENIED**.

DATED this 13th day of December, 2005.

_____
Roslyn O. Silver
United States District Judge