WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane M. Calkins, et al., | No. 05-0815-PHX-ROS |
| Plaintiffs, | **OPINION AND ORDER** |
| vs. | |
| Shapiro & Anderson, L.L.P. et al., | |
| Defendants. | |

On November 17, 2005, the Court issued an Order instructing Plaintiffs to file a written statement setting forth good cause for their failure to properly serve Defendant Fidelity National Asset Management Solutions, Inc. ("Fidelity") and Defendant Deutsche Bank National Trust Co. ("Deutsche Bank"). The Court's Order warned Plaintiffs that their case would be dismissed **with prejudice** regarding these two defendants if good cause was not shown. The Court has received Plaintiffs' written statement and that statement does not provide any legitimate justification for the failure to properly serve all defendants. Therefore, for the reasons set out below, Plaintiffs' claims against Fidelity and Deutsche Bank will be dismissed with prejudice.

## BACKGROUND

The lengthy factual background of this case was recently set forth in a motion granting summary judgment. (Doc. 39) The only pertinent facts here are that Plaintiffs originally sued Shapiro & Anderson, Deutsche Bank, and Fidelity. Plaintiffs properly served Shapiro

& Anderson but it appeared that they attempted to serve the other defendants by mail. On May 23, 2005 the Court issued an Order dismissing Fidelity based on insufficient service of process. That Order observed that service by mail was not allowed under the Federal Rules of Procedure or the applicable state rules of procedure. On November 17, 2005, the Court instructed Plaintiffs to justify their failure to properly effect service as to Fidelity and Deutsche Bank. In the document justifying that failure, Plaintiffs argue that Shapiro & Anderson represented Fidelity and Deutsche Bank in a bankruptcy matter and therefore, it was proper to serve Shapiro & Anderson as an agent of Fidelity and Deutsche Bank in this matter. Plaintiffs are incorrect that service upon Shapiro & Anderson was sufficient.

## ANALYSIS

The Ninth Circuit recently recognized that an attorney representing a client in one matter may be authorized to accept service of process in another *integrally related* matter. In re Focus Media Inc., 387 F.3d 1077, 1083 (9th Cir. 2004). Plaintiffs apparently believe that the bankruptcy matter and this action pursuant to the Fair Debt Collection Act were so intertwined that Shapiro & Anderson was impliedly authorized to accept service on behalf of Fidelity and Deutsche Bank. It appears, however, that there was no "close relationship between the adversary proceeding and the underlying bankruptcy case." Id. In fact, the Court has no information that the two actions were related *at all*. Therefore, Shapiro & Anderson was not authorized to accept service on behalf of Fidelity and Deutsche Bank. Plaintiffs' attempt to serve Fidelity and Deutsche Bank through Shapiro & Anderson was improper.

This action was filed in March 2005. Plaintiffs were first advised regarding the defective service of process in May 2005. Plaintiffs were advised again regarding the defective service of process in November 2005 and were provided thirty days to properly serve Fidelity and Deutsche Bank or provide good cause for the failure to do so. Despite these multiple warnings, as of this date Plaintiffs have failed to properly serve Fidelity or Deutsche Bank.

Accordingly,

IT IS ORDERED that Plaintiff's claims against Fidelity and Deutsche Bank are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

DATED 1/1/06

Roslyn O. Silver
United States District Judge